# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/28/2026
CT Log Number 553208311

## Service of Process Transmittal Summary

**TO:** Craig Carlson
American Electric Power Company, Inc.
1 RIVERSIDE PLZ FL 1
COLUMBUS, OH 43215-2373

**RE:** **Process Served in Michigan**

**FOR:** American Electric Power Service Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARVENIOUS SHARP // To: American Electric Power Service Corporation |
| **CASE #:** | 260321CDH |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/28/2026 at 14:12 |
| **JURISDICTION SERVED:** | Michigan |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Elyse Priest elpriest@aep.com<br>Email Notification, Craig Carlson crcarlson@aep.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>40600 Ann Arbor Road E, Suite 201<br>Plymouth, MI 48170<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Aug 28, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | AMERICAN ELECTRIC POWER SERVICE CORPORATION |
| Case Number | 26-0321-CD-H |
| Jurisdiction | MI |

| Inserts | | |
|---|---|---|
| | | |

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN JUDICIAL DISTRICT 2nd JUDICIAL CIRCUIT Berrien COUNTY | SUMMONS | CASE NUMBER CD 26-0321-CD-H DONNA B. HOWARD |
|---|---|---|

Court address
811 Port Street, St. Joseph, MI 49085

Court telephone number
269-983-7111

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Marveneous C. Sharp<br>1425 Hurd Ave.<br>Benton Harbor, MI 49022 | v | DONALD C. COOK<br>NUCLEAR PLANT/<br>AMERICAN ELECTRIC POWER<br>SERVICE CORPORATION/<br>INDIANA MICHIGAN POWER<br>COMPANY,<br><br>THE CORPORATION COMPANY<br>40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI 48170 |
| Plaintiff's attorney bar number, address, and telephone number<br>John R. Beason III, Esq. (P89286)<br>853 McAlister Ave.<br>Benton Harbor, MI 49022<br>(269) 213-1426 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/24/26 | 11/23/26 | S. Joan Porter |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**STATE OF MICHIGAN**
**IN THE TRIAL COURT FOR THE COUNTY OF BERRIEN**

MARVENIOUS SHARP,

Plaintiff,

v.

DONALD C. COOK
NUCLEAR PLANT/
AMERICAN ELECTRIC POWER
SERVICE CORPORATION/
INDIANA MICHIGAN POWER
COMPANY,

Defendant.
_______________________________/

Chief Judge
Case No. 26-0321-CD-H
Case Code: CD
DONNA B. HOWARD

## COMPLAINT AND JURY DEMAND

Plaintiff Marvenious Sharp, by and through her undersigned counsel, states as follows:

## INTRODUCTION

1. This is an action for unlawful race discrimination, sex discrimination, retaliation, and related damages arising out of Defendant's decision to deny Plaintiff unescorted access authorization for three years and terminate her employment after a disputed Fitness-for-Duty drug test.

2. Plaintiff alleges that Defendant's stated reason for the challenged actions was pretextual, selectively enforced, and applied in a discriminatory and retaliatory manner after Plaintiff engaged in protected opposition activity and repeatedly raised compliance and nuclear-safety concerns.
3. Plaintiff seeks all available legal and equitable relief, including back pay, front pay or reinstatement, compensatory damages, exemplary damages where permitted, interest, costs, and attorney fees where authorized by law.

**PARTIES**

4. Plaintiff Marvenious Sharp is an adult individual residing in Benton Harbor, Berrien County, Michigan.
5. At all relevant times, Plaintiff was employed by Defendant as a compliance officer at or in connection with the D.C. Cook nuclear facility in Michigan.
6. Defendant American Electric Power Service Corporation/ Indiana Michigan Power Company, is a Michigan corporation, limited liability company, or other business entity authorized to do business in Michigan and operating the Donald C. Cook nuclear facility and/or the relevant employing entity responsible for Plaintiff's employment, Fitness-for-Duty determinations, and access authorization decisions.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's state-law claims under MCL 600.605 and MCL 600.8301 because this action seeks money damages and equitable relief.

8. This Court has personal jurisdiction over Defendant because Defendant transacted business in Michigan, employed Plaintiff in Michigan, and committed the acts and omissions complained of in Michigan. See MCL 600.715.

9. Venue is proper in Berrien County under MCL 600.1621 and/or MCL 600.1629 because the events giving rise to this action occurred in this county and Defendant maintained operations here.

10. Plaintiff also pleads claims arising under federal law, including 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 5851, to the extent such claims may be adjudicated in this Court.

**GENERAL FACTUAL ALLEGATIONS**

11. Plaintiff worked for Defendant for approximately fifteen years and served in a compliance role involving Fitness-for-Duty issues, fatigue management, access authorization, regulatory compliance, and related obligations under 10 C.F.R. Part 26.

12. Throughout her employment, Plaintiff performed her job satisfactorily and at a high level. In or about 2025, Plaintiff received a Role Model performance

rating and was nominated for Defendant's Accelerated Talent Pool or a similar development program.

13. Plaintiff's position required her to identify and address compliance deficiencies, including concerns relating to work-hour controls, record accuracy, procedural compliance, and other matters implicating nuclear-safety regulation and Fitness-for-Duty requirements.

14. Defendant knew that Plaintiff regularly raised compliance concerns and objected to conduct she reasonably believed violated plant policies , regulatory requirements, or both.

15. On one occasion before the adverse employment actions challenged here, the Security Director stated words to the effect that there "aren't too many Black people that work at the plant."

16. Plaintiff reasonably understood that statement as reflecting a racially hostile attitude and as evidence that race could influence workplace treatment and decision-making.

17. On or about April 30, 2026, Plaintiff submitted to a Fitness-for-Duty drug test.

18. Defendant later informed Plaintiff that the specimen reportedly tested positive for cocaine metabolite.

19. Plaintiff disputed that reported result and maintained that she had never used cocaine.

20. Upon information and belief, Defendant's handling of Plaintiff's case departed from its historical practice.

21. Before a policy revision implemented in or about March 2026, Defendant had treated other employees who reportedly tested positive for controlled substances more leniently, including by imposing approximately two-week suspensions, retaining employment, requiring follow-up testing, and restoring unescorted access authorization.

22. Upon information and belief, the March 2026 revision to denial criteria was newly implemented, selectively applied, insufficiently documented, or used as a pretext to justify harsher discipline against Plaintiff.

23. Upon information and belief, similarly situated non-Black employees and male employees who engaged in comparable or worse conduct, including substance-related issues, were treated more favorably than Plaintiff.

24. Upon information and belief, one or more decisionmakers involved in Plaintiff's discipline knew of her prior compliance complaints, her objections to discriminatory treatment, and her protected reporting activity.

25. On or about May 10, 2026, Defendant denied Plaintiff unescorted access authorization for three years and terminated her employment effective immediately.

26. Defendant's actions caused Plaintiff to lose her job, wages, benefits, access to continued work at the facility, professional standing, and career opportunities.

27. Plaintiff has also suffered emotional distress, humiliation, mental anguish, reputational harm, and other damages.

**COUNT I**

**RACE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth here.

29. Plaintiff is African American.

30. At all relevant times, Plaintiff was qualified for her position and was performing her job satisfactorily.

31. Defendant subjected Plaintiff to adverse employment actions, including denial of unescorted access authorization for three years and termination.

32. Defendant treated Plaintiff less favorably than similarly situated employees outside her protected class, including non-Black employees who reportedly tested positive for controlled substances but were not terminated and were instead given lesser discipline.

33.The Security Director's statement regarding the small number of Black employees at the plant supports an inference of racial animus and discriminatory motive.

34.Defendant's asserted reliance on the drug-test result and access-denial criteria was pretextual because Defendant applied those standards inconsistently and more harshly to Plaintiff than to similarly situated non-Black employees.

35.Defendant discriminated against Plaintiff because of her race in violation of the Michigan Elliott-Larsen Civil Rights Act, including MCL 37.2202.

36.As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, reputational injury, and other damages.

**COUNT II**

**SEX DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

37.Plaintiff realleges paragraphs 1 through 36 as if fully set forth here.

38.Plaintiff is female.

39.Defendant subjected Plaintiff to adverse employment actions, including denial of unescorted access authorization and termination.

40.Upon information and belief, male employees who engaged in comparable or more serious misconduct, including substance-related issues, were treated more favorably than Plaintiff.

41. Defendant's stated reason for the adverse action was pretextual and was applied more harshly to Plaintiff because of her sex.

42. Defendant discriminated against Plaintiff because of her sex in violation of MCL 37.2202.

43. As a direct and proximate result, Plaintiff suffered damages including lost compensation, emotional distress, and reputational harm.

**COUNT III**

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

Against Defendant

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth here.

45. Plaintiff is African American and was entitled to the same right to make, perform, modify, and enforce employment contracts as white persons.

46. Defendant's denial of unescorted access authorization and termination interfered with Plaintiff's contractual employment relationship and her ability to continue working for Defendant.

47. Defendant acted because of Plaintiff's race.

48. Defendant's discriminatory treatment is shown by disparate discipline, selective enforcement, and racially charged remarks by a key security decisionmaker.

49. But for Plaintiff's race, Defendant would not have imposed the same adverse actions.

50. Defendant violated 42 U.S.C. § 1981.

51. As a direct and proximate result, Plaintiff suffered lost compensation, lost contractual benefits, emotional distress, and related damages.

**COUNT IV**

**RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

52. Plaintiff realleges paragraphs 1 through 51 as if fully set forth here.

53. Plaintiff engaged in protected activity by opposing race-based and discriminatory treatment, including objecting to the Security Director's racially charged statement and raising concerns about unequal treatment in the workplace.

54. Plaintiff also engaged in protected activity by repeatedly raising compliance concerns and objecting to regulatory and procedural noncompliance that Defendant knew she perceived as serious workplace misconduct.

55. Defendant knew of Plaintiff's protected activity.

56. Thereafter, Defendant took materially adverse action against Plaintiff by denying access authorization and terminating her employment.

57. Plaintiff's protected activity was at least a motivating factor and/or significant factor in Defendant's decision-making.

58. Defendant's asserted reasons were pretextual, inconsistent, and selectively enforced.

59. Defendant retaliated against Plaintiff in violation of MCL 37.2701 and other applicable provisions of the Michigan Elliott-Larsen Civil Rights Act.

60. As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

**COUNT V**

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

Against Defendant

61. Plaintiff realleges paragraphs 1 through 60 as if fully set forth here.

62. Defendant is an employer within the meaning of Title VII.

63. Plaintiff engaged in protected activity by opposing conduct she reasonably believed constituted race discrimination and unequal treatment.

64. Defendant knew of Plaintiff's protected activity.

65. Defendant thereafter subjected Plaintiff to materially adverse action by denying access authorization and terminating her employment.

66. Plaintiff's protected activity was a but-for cause of the adverse action, or at minimum a substantial motivating factor under the applicable pleading and proof framework.

67. Defendant's asserted reliance on the drug-test result and March 2026 revision was pretextual and insufficient to explain the severity and timing of the adverse action.

68. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-3(a).

69. As a direct and proximate result, Plaintiff suffered lost compensation, emotional distress, and other recoverable damages.

**COUNT VI**

**RETALIATION IN VIOLATION OF THE ENERGY REORGANIZATION ACT**

Against Defendant

70. Plaintiff realleges paragraphs 1 through 69 as if fully set forth here.

71. Defendant is a covered employer under the Energy Reorganization Act, including because it operated a nuclear facility and/or acted as a licensee, contractor, or subcontractor within the scope of 42 U.S.C. § 5851.

72. Plaintiff engaged in protected activity under 42 U.S.C. § 5851 and 10 C.F.R. § 50.7 by reporting, opposing, and/or expressing concern about safety, compliance, fatigue-management implementation, work-hour controls, record accuracy, and other nuclear-safety issues.

73. Plaintiff's communications concerned matters she reasonably believed implicated nuclear safety and regulatory compliance.

74. Defendant knew of Plaintiff's protected activity.

75. Defendant thereafter denied Plaintiff unescorted access authorization and terminated her employment.

76. Plaintiff's protected activity was a contributing factor in Defendant's adverse actions.

77. Defendant cannot establish by clear and convincing evidence that it would have taken the same actions in the absence of Plaintiff's protected activity.

78. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 5851.

79. As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

**DAMAGES**

80. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages, lost benefits, lost future earnings, emotional distress, humiliation, mental anguish, reputational harm, and other damages.

81. Plaintiff seeks back pay, front pay or reinstatement, compensatory damages, equitable relief, interest, costs, and attorney fees where authorized by law.

82. Plaintiff seeks exemplary damages to the extent permitted by Michigan law and punitive damages only to the extent permitted by applicable federal law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

A. Back pay and lost benefits;

B. Front pay or reinstatement, as appropriate;

C. Compensatory damages;

D. Exemplary damages to the extent permitted by law;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Costs, attorney fees, and taxable expenses where authorized; and

G. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, Date: August 18th, 2026

Attorney John R. Beason III, Esq.
For Plaintiff, Marvenious Sharp
The J.R. Beason Firm PLLC.
Michigan Bar No.: P89286
853 McAllister Ave.
Benton Harbor, MI 49022
(269) 213-1426
JRBeason3@TheJRBeasonFirm.com

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/28/2026
CT Log Number 553208289

## Service of Process Transmittal Summary

**TO:** Craig Carlson
American Electric Power Company, Inc.
1 RIVERSIDE PLZ FL 1
COLUMBUS, OH 43215-2373

**RE:** **Process Served in Michigan**

**FOR:** Indiana Michigan Power Company (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Marveneous C. Sharp // To: Indiana Michigan Power Company |
| **CASE #:** | 260321CDH |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | The Corporation Company, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/28/2026 at 14:12 |
| **JURISDICTION SERVED:** | Michigan |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Elyse Priest elpriest@aep.com<br>Email Notification, Craig Carlson crcarlson@aep.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Aug 28, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | INDIANA MICHIGAN POWER COMPANY |
| Case Number | 26-0321-CD-H |
| Jurisdiction | MI |

| Inserts | | |
|---|---|---|
| | | |

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| JUDICIAL DISTRICT<br>2nd JUDICIAL CIRCUIT<br>Berrien COUNTY | | CD 26-0321-CD-H<br>DONNA B. HOWARD |

Court address
811 Port Street, St. Joseph, MI 49085

Court telephone number
269-983-7111

| Plaintiff's name, address, and telephone number | v | Defendant's name, address, and telephone number |
|---|---|---|
| Marveneous C. Sharp<br>1425 Hurd Ave.<br>Benton Harbor, MI 49022 | | DONALD C. COOK<br>NUCLEAR PLANT/<br>AMERICAN ELECTRIC POWER<br>SERVICE CORPORATION/<br>INDIANA MICHIGAN POWER<br>COMPANY,<br><br>THE CORPORATION COMPANY<br>40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI 48170 |
| Plaintiff's attorney bar number, address, and telephone number<br>John R. Beason III, Esq. (P89286)<br>853 McAlister Ave.<br>Benton Harbor, MI 49022<br>(269) 213-1426 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/24/26 | 11/23/26 | S. Joan Otter |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

DUPLICATE ORIGINAL

**STATE OF MICHIGAN**
**IN THE TRIAL COURT FOR THE COUNTY OF BERRIEN**

MARVENIOUS SHARP,

Plaintiff,

v.

DONALD C. COOK
NUCLEAR PLANT/
AMERICAN ELECTRIC POWER
SERVICE CORPORATION/
INDIANA MICHIGAN POWER
COMPANY,

Defendant.
_________________________________/

Chief Judge
Case No. 26-0321-CD-H

Case Code: CD
DONNA B. HOWARD

**COMPLAINT AND JURY DEMAND**

Plaintiff Marvenious Sharp, by and through her undersigned counsel, states as follows:

**INTRODUCTION**

1. This is an action for unlawful race discrimination, sex discrimination, retaliation, and related damages arising out of Defendant's decision to deny Plaintiff unescorted access authorization for three years and terminate her employment after a disputed Fitness-for-Duty drug test.

2. Plaintiff alleges that Defendant's stated reason for the challenged actions was pretextual, selectively enforced, and applied in a discriminatory and retaliatory manner after Plaintiff engaged in protected opposition activity and repeatedly raised compliance and nuclear-safety concerns.
3. Plaintiff seeks all available legal and equitable relief, including back pay, front pay or reinstatement, compensatory damages, exemplary damages where permitted, interest, costs, and attorney fees where authorized by law.

**PARTIES**

4. Plaintiff Marvenious Sharp is an adult individual residing in Benton Harbor, Berrien County, Michigan.
5. At all relevant times, Plaintiff was employed by Defendant as a compliance officer at or in connection with the D.C. Cook nuclear facility in Michigan.
6. Defendant American Electric Power Service Corporation/ Indiana Michigan Power Company, is a Michigan corporation, limited liability company, or other business entity authorized to do business in Michigan and operating the Donald C. Cook nuclear facility and/or the relevant employing entity responsible for Plaintiff's employment, Fitness-for-Duty determinations, and access authorization decisions.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's state-law claims under MCL 600.605 and MCL 600.8301 because this action seeks money damages and equitable relief.

8. This Court has personal jurisdiction over Defendant because Defendant transacted business in Michigan, employed Plaintiff in Michigan, and committed the acts and omissions complained of in Michigan. See MCL 600.715.

9. Venue is proper in Berrien County under MCL 600.1621 and/or MCL 600.1629 because the events giving rise to this action occurred in this county and Defendant maintained operations here.

10. Plaintiff also pleads claims arising under federal law, including 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 5851, to the extent such claims may be adjudicated in this Court.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant for approximately fifteen years and served in a compliance role involving Fitness-for-Duty issues, fatigue management, access authorization, regulatory compliance, and related obligations under 10 C.F.R. Part 26.

12. Throughout her employment, Plaintiff performed her job satisfactorily and at a high level. In or about 2025, Plaintiff received a Role Model performance

rating and was nominated for Defendant's Accelerated Talent Pool or a similar development program.

13. Plaintiff's position required her to identify and address compliance deficiencies, including concerns relating to work-hour controls, record accuracy, procedural compliance, and other matters implicating nuclear-safety regulation and Fitness-for-Duty requirements.

14. Defendant knew that Plaintiff regularly raised compliance concerns and objected to conduct she reasonably believed violated plant policies , regulatory requirements, or both.

15. On one occasion before the adverse employment actions challenged here, the Security Director stated words to the effect that there "aren't too many Black people that work at the plant."

16. Plaintiff reasonably understood that statement as reflecting a racially hostile attitude and as evidence that race could influence workplace treatment and decision-making.

17. On or about April 30, 2026, Plaintiff submitted to a Fitness-for-Duty drug test.

18. Defendant later informed Plaintiff that the specimen reportedly tested positive for cocaine metabolite.

19. Plaintiff disputed that reported result and maintained that she had never used cocaine.

20. Upon information and belief, Defendant's handling of Plaintiff's case departed from its historical practice.

21. Before a policy revision implemented in or about March 2026, Defendant had treated other employees who reportedly tested positive for controlled substances more leniently, including by imposing approximately two-week suspensions, retaining employment, requiring follow-up testing, and restoring unescorted access authorization.

22. Upon information and belief, the March 2026 revision to denial criteria was newly implemented, selectively applied, insufficiently documented, or used as a pretext to justify harsher discipline against Plaintiff.

23. Upon information and belief, similarly situated non-Black employees and male employees who engaged in comparable or worse conduct, including substance-related issues, were treated more favorably than Plaintiff.

24. Upon information and belief, one or more decisionmakers involved in Plaintiff's discipline knew of her prior compliance complaints, her objections to discriminatory treatment, and her protected reporting activity.

25. On or about May 10, 2026, Defendant denied Plaintiff unescorted access authorization for three years and terminated her employment effective immediately.

26. Defendant's actions caused Plaintiff to lose her job, wages, benefits, access to continued work at the facility, professional standing, and career opportunities.

27. Plaintiff has also suffered emotional distress, humiliation, mental anguish, reputational harm, and other damages.

**COUNT I**

**RACE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth here.

29. Plaintiff is African American.

30. At all relevant times, Plaintiff was qualified for her position and was performing her job satisfactorily.

31. Defendant subjected Plaintiff to adverse employment actions, including denial of unescorted access authorization for three years and termination.

32. Defendant treated Plaintiff less favorably than similarly situated employees outside her protected class, including non-Black employees who reportedly tested positive for controlled substances but were not terminated and were instead given lesser discipline.

33. The Security Director's statement regarding the small number of Black employees at the plant supports an inference of racial animus and discriminatory motive.

34. Defendant's asserted reliance on the drug-test result and access-denial criteria was pretextual because Defendant applied those standards inconsistently and more harshly to Plaintiff than to similarly situated non-Black employees.

35. Defendant discriminated against Plaintiff because of her race in violation of the Michigan Elliott-Larsen Civil Rights Act, including MCL 37.2202.

36. As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, reputational injury, and other damages.

**COUNT II**

**SEX DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth here.

38. Plaintiff is female.

39. Defendant subjected Plaintiff to adverse employment actions, including denial of unescorted access authorization and termination.

40. Upon information and belief, male employees who engaged in comparable or more serious misconduct, including substance-related issues, were treated more favorably than Plaintiff.

41. Defendant's stated reason for the adverse action was pretextual and was applied more harshly to Plaintiff because of her sex.

42. Defendant discriminated against Plaintiff because of her sex in violation of MCL 37.2202.

43. As a direct and proximate result, Plaintiff suffered damages including lost compensation, emotional distress, and reputational harm.

**COUNT III**

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

Against Defendant

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth here.

45. Plaintiff is African American and was entitled to the same right to make, perform, modify, and enforce employment contracts as white persons.

46. Defendant's denial of unescorted access authorization and termination interfered with Plaintiff's contractual employment relationship and her ability to continue working for Defendant.

47. Defendant acted because of Plaintiff's race.

48. Defendant's discriminatory treatment is shown by disparate discipline, selective enforcement, and racially charged remarks by a key security decisionmaker.

49. But for Plaintiff's race, Defendant would not have imposed the same adverse actions.

50. Defendant violated 42 U.S.C. § 1981.

51. As a direct and proximate result, Plaintiff suffered lost compensation, lost contractual benefits, emotional distress, and related damages.

**COUNT IV**

**RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**

Against Defendant

52. Plaintiff realleges paragraphs 1 through 51 as if fully set forth here.

53. Plaintiff engaged in protected activity by opposing race-based and discriminatory treatment, including objecting to the Security Director's racially charged statement and raising concerns about unequal treatment in the workplace.

54. Plaintiff also engaged in protected activity by repeatedly raising compliance concerns and objecting to regulatory and procedural noncompliance that Defendant knew she perceived as serious workplace misconduct.

55. Defendant knew of Plaintiff's protected activity.

56. Thereafter, Defendant took materially adverse action against Plaintiff by denying access authorization and terminating her employment.

57. Plaintiff's protected activity was at least a motivating factor and/or significant factor in Defendant's decision-making.

58. Defendant's asserted reasons were pretextual, inconsistent, and selectively enforced.

59. Defendant retaliated against Plaintiff in violation of MCL 37.2701 and other applicable provisions of the Michigan Elliott-Larsen Civil Rights Act.

60. As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

**COUNT V**

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

Against Defendant

61. Plaintiff realleges paragraphs 1 through 60 as if fully set forth here.

62. Defendant is an employer within the meaning of Title VII.

63. Plaintiff engaged in protected activity by opposing conduct she reasonably believed constituted race discrimination and unequal treatment.

64. Defendant knew of Plaintiff's protected activity.

65. Defendant thereafter subjected Plaintiff to materially adverse action by denying access authorization and terminating her employment.

66. Plaintiff's protected activity was a but-for cause of the adverse action, or at minimum a substantial motivating factor under the applicable pleading and proof framework.

67. Defendant's asserted reliance on the drug-test result and March 2026 revision was pretextual and insufficient to explain the severity and timing of the adverse action.

68. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-3(a).

69. As a direct and proximate result, Plaintiff suffered lost compensation, emotional distress, and other recoverable damages.

**COUNT VI**

**RETALIATION IN VIOLATION OF THE ENERGY REORGANIZATION ACT**

Against Defendant

70. Plaintiff realleges paragraphs 1 through 69 as if fully set forth here.

71. Defendant is a covered employer under the Energy Reorganization Act, including because it operated a nuclear facility and/or acted as a licensee, contractor, or subcontractor within the scope of 42 U.S.C. § 5851.

72. Plaintiff engaged in protected activity under 42 U.S.C. § 5851 and 10 C.F.R. § 50.7 by reporting, opposing, and/or expressing concern about safety, compliance, fatigue-management implementation, work-hour controls, record accuracy, and other nuclear-safety issues.

73. Plaintiff's communications concerned matters she reasonably believed implicated nuclear safety and regulatory compliance.

74. Defendant knew of Plaintiff's protected activity.

75. Defendant thereafter denied Plaintiff unescorted access authorization and terminated her employment.

76. Plaintiff's protected activity was a contributing factor in Defendant's adverse actions.

77. Defendant cannot establish by clear and convincing evidence that it would have taken the same actions in the absence of Plaintiff's protected activity.

78. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 5851.

79. As a direct and proximate result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

**DAMAGES**

80. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages, lost benefits, lost future earnings, emotional distress, humiliation, mental anguish, reputational harm, and other damages.

81. Plaintiff seeks back pay, front pay or reinstatement, compensatory damages, equitable relief, interest, costs, and attorney fees where authorized by law.

82. Plaintiff seeks exemplary damages to the extent permitted by Michigan law and punitive damages only to the extent permitted by applicable federal law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

A. Back pay and lost benefits;

B. Front pay or reinstatement, as appropriate;

C. Compensatory damages;

D. Exemplary damages to the extent permitted by law;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Costs, attorney fees, and taxable expenses where authorized; and

G. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, Date: August 18th, 2026

Attorney John R. Beason III, Esq.
For Plaintiff, Marvenious Sharp
The J.R. Beason Firm PLLC.
Michigan Bar No.: P89286
853 McAllister Ave.
Benton Harbor, MI 49022
(269) 213-1426
JRBeason3@TheJRBeasonFirm.com